UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                              Chapter 11 Cases

ADINATH CORP. and SIMPLY                            Case No. _____
FASHION STORES, LTD.,[1]                            (Jointly Administration Pending)

                    Debtors.
_____/

**DEBTORS' APPLICATION FOR APPROVAL, ON AN INTERIM AND
FINAL BASIS, OF THE EMPLOYMENT OF PAUL STEVEN SINGERMAN
AND THE LAW FIRM OF BERGER SINGERMAN LLP AS COUNSEL FOR
DEBTORS-IN-POSSESSION, *NUNC PRO TUNC* TO THE PETITION DATE**

Adinath Corp. ("Adinath") and Simply Fashion Stores, Ltd. ("Simply Fashion", and

together with Adinath, each, a "Debtor", and collectively, the "Debtors"), by and through their

proposed undersigned counsel, pursuant to 11 U.S.C. §§ 105(a), 327(a), 363(b), 507(a)(8), 541,

1107(a) and 1108, Fed. R. Bankr. P. 2014(a), 2016 and 6003, and Local Rules 2014-1(A) and

2016-1(A), hereby file this *Debtors' Application for Approval, on an Interim and Final Basis, of*

*the Employment of Paul Steven Singerman and the Law Firm of Berger Singerman LLP as*

*Counsel for Debtors-in-Possession Nunc Pro Tunc to the Petition Date* (the "Application"),

seeking approval on an interim and final basis of the employment of the law firm of Berger

Singerman LLP ("BSLLP"), to represent the Debtors-in-Possession as general counsel in these

chapter 11 cases.  In support of the Application, the Debtors rely upon the *Declaration in*

*Support of First Day Pleadings* (the "First Day Declaration") filed concurrently herewith and

incorporated herein and the *Declaration of Paul Steven Singerman, on Behalf of Berger*

*Singerman LLP as Proposed Counsel for Debtors-In-Possession, Nunc Pro Tunc to the Petition*

---

[1]   The Debtors in these cases, along with the addresses and last four digits of each Debtor's federal tax
      identification number are: (i) Adinath Corp., 2110 N.W.95th Avenue, Miami FL 33172 (4843); and (ii)
      Simply Fashion Stores, Ltd., 2500 Crestwood Boulevard, Birmingham, AL 35210 (6230).

*Date* attached hereto as **Exhibit "A"** (the "Singerman Declaration"), and respectfully represent the following:

## Jurisdiction and Venue

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought herein are sections 105(a), 507(a)(8), 363(b), 541, 1107(a) and 1108 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a), 2016 and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rules 2014-1(A) and 2016-1(A).

## Background

4.      On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

5.      The Debtors are operating their businesses and managing their affairs as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

6.      For a detailed description of the Debtors and their operations, the Debtors respectfully refer the Court and parties in interest to the First Day Declaration.

## Relief Requested

7.      The Debtors believe that it is in the best interests of their estates to retain BSLLP as general counsel in these chapter 11 cases.  The Debtors believe that the attorneys of BSLLP are qualified to practice in this Court and are qualified to advise the Debtors on their relations with, and responsibilities to, the creditors and other interested parties. The professional services that BSLLP will render include, but are not limited to, the following:

(a)    To give advice to the Debtors with respect to their powers and duties as debtors in possession and the continued management of their business operations;

(b)    To advise the Debtors with respect to their responsibilities in complying with the United States Trustee's Operating Guidelines and Reporting Requirements and with the rules of the Court;

(c)    To prepare motions, pleadings, orders, applications, adversary proceedings, and other legal documents necessary in the administration of these chapter 11 cases;

(d)    To protect the interests of the Debtors in all matters pending before the Court; and

(e)    To represent the Debtors in negotiations with their creditors and in the preparation of a plan.

### **Authority for Relief**

8.    The Debtors seek retention of BSLLP as their counsel pursuant to section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to Court approval;

> …may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

9.    Bankruptcy Rule 2014(a) requires that an application for retention include:

> …specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

10.     For all of the reasons stated in this Application and the First Day Declaration, the Debtors believe that it is in the best interests of their estates to retain BSLLP as general counsel in these chapter 11 cases.

11.     To the best of the Debtors' knowledge, except as disclosed in the Singerman Declaration, neither Paul Steven Singerman ("Singerman") nor BSLLP has any connection with the creditors or other parties in interest or their respective attorneys.  As set forth in the Singerman Declaration, to the best knowledge of Singerman, neither Singerman nor BSLLP represents any interest adverse to the Debtors.

12.     The Singerman Declaration, containing a verified statement as required under Rule 2014 of the Federal Rules of Bankruptcy Procedure, is attached and demonstrates that under these circumstances, Singerman and BSLLP are disinterested as required by Section 327(a) of the Bankruptcy Code.

13.     BSLLP will apply for compensation and reimbursement of costs, pursuant to Sections 330 and 331 of the Bankruptcy Code, at its ordinary rates, as they may be adjusted from time to time, for services rendered and costs incurred on behalf of the Debtors.  Delay in obtaining approval until a final hearing is scheduled will cause immediate and irreparable harm to the Debtors.

14.     The Debtors seek entry of an order, on an interim basis, approving the employment of BSLLP, and scheduling a final hearing to consider the Application.

**WHEREFORE**, the Debtors respectfully request entry of an order in the form attached hereto as **Exhibit "B"** (i) approving, on an interim basis, the Debtors' employment of Paul Steven Singerman and the law firm of Berger Singerman LLP as general counsel to the Debtors

in these chapter 11 cases, *nunc pro tunc* to the Petition Date; (ii) scheduling a final hearing on

the Application; and (iii) for such other and further relief as the Court deems just and proper.

Dated:  April 16, 2015                    Respectfully submitted,

                                          ADINATH CORP.
                                          SIMPLY FASHION STORES, LTD.
                                          2110 N.W. 95th Avenue
                                          Miami, FL 33172


                                          By: _____
                                               Soneet R. Kapila, Chief Restructuring Officer

# EXHIBIT "A"

**(Singerman Declaration)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                              Chapter 11 Cases

ADINATH CORP. and SIMPLY                            Case No. _____
FASHION STORES, LTD.,[1]                            (Joint Administration Pending)

              Debtors.
_____/


**DECLARATION OF PAUL STEVEN SINGERMAN ON BEHALF OF BERGER
SINGERMAN LLP, AS PROPOSED COUNSEL FOR THE DEBTORS-IN-POSSESSION,
*NUNC PRO TUNC* TO THE PETITION DATE**

1.     I am Paul Steven Singerman.   I am an attorney and through my professional

association corporation, a member of the law firm of Berger Singerman LLP ("Berger Singerman").

 Our firm maintains offices for the practice of law at 1450 Brickell Avenue, Suite 1900, Miami, FL

33131; 350 E. Las Olas Boulevard, Suite 1000, Fort Lauderdale, Florida 33301; 125 South Gadsden

Street, Suite 300, Tallahassee, Florida  32301 and 2650 North Military Trail, Suite 240, Boca Raton,

Florida 33431.  I am familiar with the matters set forth herein and make this Declaration in support

of the *Debtors' Application for Approval, on an Interim and Final Basis, of the Employment of Paul*

*Steven Singerman and the Law Firm of Berger Singerman LLP as Counsel for Debtors-in-*

*Possession, Nunc Pro Tunc to the Petition Date* (the "Application").

---

[1]    The Debtors in these cases, along with the addresses and last four digits of each Debtor's federal tax

6311884-3

2.    In support of the Application, I disclose the following:

(a)    Unless otherwise stated, this Declaration is based upon facts of which I have personal knowledge.

(b)    In preparing this Declaration, I and others working with me on these cases reviewed lists of the creditors and interested parties of the Debtors, Adinath Corp. ("Adinath") and Simply Fashion Stores, Ltd. ("Simply Fashion", and together with Adinath, each a "Debtor", and collectively, the "Debtors"), as provided by the Debtors, consisting of the following:  (i) the employees of Simply Fashion; (ii) the non-debtor parties to executory contracts and unexpired leases with Simply Fashion; (iii) the utility providers of Simply Fashion; (iv) the accounts payable vendors of Simply Fashion; (v) the secured creditors of Simply Fashion; (vi) the limited partners and directors of Simply Fashion; (vii) the non-debtor parties to pending litigation matters to which Simply Fashion is a party; (viii) the taxing authorities of the Debtors; and (ix) the equity holder of Adinath, as well as the results of UCC searches conducted in Florida by Berger Singerman, and in Alabama and New York by a third party vendor, in respect of filings against the Debtors.  I caused our accounting department to compare the information obtained thereby with the information contained in our law firm's client and adverse party conflict check index system.  The facts stated in this Declaration as to the relationship between other lawyers in our law firm and the Debtors, the Debtors' creditors, the United States Trustee, other persons employed by the Office of the United States Trustee, and those persons and entities who are defined as disinterested persons in Section 101(14) of the Bankruptcy Code are based on the results of my review of our firm's conflict check

identification number are: (i) Adinath Corp., 2110 N.W.95th Avenue, Miami FL 33172 (4843); and (ii)

2

index system.  Specifically, I have caused to be (i) conducted a computer search of our firm's records in respect of all of the names referred to in the first sentence of this paragraph 2(b) and (ii) disseminated a written request for information to all of the attorneys in our firm regarding connections to the Debtors and the creditors of the Debtors.  Based upon such search, our firm does not represent any entity in a matter which would constitute a conflict of interest or impair the disinterestedness of Berger Singerman.

3.     Berger Singerman's client and adverse party conflicts check system is comprised of records regularly maintained in the course of business of the firm and it is the regular practice of the firm to make and maintain these records.  It reflects entries that are noted in the system at the time the information becomes known by persons whose regular duties include recording and maintaining this information.  I am one of the persons who is responsible for the supervision of the department of our firm which keeps this system up-to-date, and I regularly use and rely upon the information contained in the system in the performance of my duties with the law firm and in my practice of law.

4.     A search of our firm's conflicts check system revealed the following matters, none of which impairs my or our firm's disinterestedness or constitutes any conflict of interest:

a)     *Wells Fargo Bank* is listed as a creditor or interested party of Simply Fashion. Berger Singerman has represented *Wells Fargo Bank, N.A. (f/k/a Wachovia Bank)* in matters that are wholly unrelated to the instant bankruptcy cases.  As of this date, Berger Singerman has no active representations of *Wells Fargo Bank, N.A.*  In addition, Berger Singerman has represented a number

---

Simply Fashion Stores, Ltd., 2500 Crestwood Boulevard, Birmingham, AL 35210 (6230).

6311884-3

of clients who are adverse to *Wells Fargo Bank, N.A.* in that they have incurred a debt to *Wells Fargo Bank, N.A.,* in matters wholly unrelated to the instant bankruptcy cases;

b) *AT&T* is listed as a creditor or interested party of Simply Fashion. Berger Singerman previously represented *AT&T* in matters that are wholly unrelated to the instant bankruptcy cases. In addition, several years ago, Berger Singerman represented *AT&T Latin America Corporation* as a debtor in possession in a Chapter 11 bankruptcy case that is wholly unrelated to the instant bankruptcy cases. Further, Berger Singerman has represented a number of clients who are adverse to *AT&T* in that they have incurred a debt to *AT&T* in matters wholly unrelated to the instant bankruptcy cases;

c) *City of Miami* is listed as a creditor or interested party of Simply Fashion. Berger Singerman represents and has formerly represented *City of Miami* in matters that are wholly unrelated to the instant bankruptcy cases. In addition, Berger Singerman has represented a number of client who are adverse to *City of Miami* in that they have incurred a debt to *City of Miami* in matters wholly unrelated to the instant bankruptcy cases;

d) *Edge Electric, Inc.* is listed as a creditor or interested party of Simply Fashion. Berger Singerman represents *Edge Electric, Inc.* in a matter that is wholly unrelated to the instant bankruptcy cases;

e) The Debtors have retained, subject to the approval of this Court, the services of KapilaMukamal, LLP ("KMLLP") to provide restructuring management services to the Debtors, including providing the services of a Chief Restructuring Officer, Soneet R. Kapila (the "KMLLP Retention Application"). Soneet R. Kapila ("Kapila") is a founding member of KMLLP. Berger

4

Singerman makes the following disclosures with respect to KMLLP and Kapila, each of which is wholly unrelated to the instant bankruptcy cases and does not constitute a conflict in these cases or impair my or my firm's disinterestedness:

   i. Berger Singerman represented, as special counsel, Kapila, as Chapter 7 Trustee of the estates of Certified, Inc., Global Bullion Trading Group, Inc. and WJS Funding, Inc., pending before the Honorable Robert A. Mark (Case No. 09-33115-RAM);

   ii. Berger Singerman serves as special litigation counsel to Kapila in connection with the Trafford Distributing Center, Inc. ("Trafford") Chapter 7 case, pending before the Honorable A. Jay Cristol (Case No. 11-23492-AJC);

   iii. Berger Singerman has represented Kapila in his fiduciary capacities (i) as trustee; (ii) as plan administrator; (iii) as receiver; and (iv) in various bankruptcy and state court litigation matters that are wholly unrelated to the instant bankruptcy cases;

   iv. Berger Singerman currently represents and has represented various clients in matters that are wholly unrelated to the instant bankruptcy cases in which Kapila serves or has served as (i) the Chapter 7 trustee; (ii) accountant; (iii) financial advisor; or (iv) examiner and whose interests are adverse to the estates for which Kapila served in one or more of the foregoing capacities;

   v. Kapila is a personal friend of mine and he is a personal friend of a number of other attorneys in our firm; and

   vi. Finally, several people who work with Mr. Kapila, including his partner, Barry Mukamal, are personal friends of mine and are personal friends of a number of other attorneys in our

5

firm;

    f)  There are numerous creditors or parties in interest of Simply Fashion which have been creditors of, or adverse to, other entities represented by Berger Singerman in cases and matters wholly unrelated to the instant bankruptcy case.  These entities are: *AES Systems, Alabama Gas Corporation, Alabama Power, Alabama Department of Revenue, Alabama State Bar, All County Lock & Key, Inc., All Pro Plumbing, Inc., All Safe Lock & Key, Altima Lighting, Inc., American Electric Power, American Express American United Life, American Water & Energy Savers, A Locksmith Shop, Inc., A Rainbow of Carpets, Adams County, Affordable Electric, Aflac, Arkansas Department of Finance, Arkansas Secretary of State, Atmos Energy, Averitt Express, Inc., Avery Dennison, Baker Donelson Bearman Caldwell Berkowitz, Baldwin County, Baptist Memorial Hospital, Baton Rouge Water Company, Bamboo Jeans, Belle Meade Partners LLC, BellSouth, BGE, Benton Charter Township, Berkowitz, Pollack & Brant, Bexar County, Blank Rome LLP, Block & Company, Blue Cross Blue Shield, Bradley Arant Boult Cummings, Branch Banking and Trust Company, Broward County Tax Collector, Board of Water Commissioners, C-III Asset Management, LLC, Calhoun County, Capital Business Credit, LLC, Capital One Bank, Car Max, Carpet Tech, Inc., Celebrity Pink, Centerpoint Energy, Centurylink, Champion Safe & Lock Service, Charleston County, Charleston Water System, Chase Card Services, Chatham County, Cincinnati Bell, Citizens Energy Group, Citizens Gas, City of Anniston, City of Atlanta, City of Apopka, City of Atlanta, City of Baltimore, City of Baton Rouge, City of Birmingham, City of Chesapeake, City of Columbia, City of Columbus, City of Dallas, City of Dayton, City of Daytona Beach, City of Detroit, City of Durham, City of East Point, City of Forest Park,  City of Gainesville, City of Houston, City of*

*Huntsville, City of Indianapolis, City of Jacksonville, City of Lauderhill, City of Leominster, City of Livonia, City of Macon, City of Memphis, City of Mobile, City of Monroe, City of Newport News, City of Oak Park, City of Petersburg, City of Philadelphia, City of Portsmouth, City of Raleigh, City of Richmond, City of Shreveport, City of Spartanburg, City of Sterling Heights, City of Tallahassee, City of Tampa, City of Toledo, City of Tampa Utilities, City of Valdosta, City of Westland, City of Winston-Salem, City of Winston-Salem Revenue Division, Clear Channel Broadcasting, Inc., Clement Communications, Inc., Cobb County, Cobb County Tax Commissioner, Cobb EMC, Colonial Life, Columbia Gas, Columbia Gas of Ohio, Comcast Cable, Comed, Compbenefits, Computer Electric, Inc., Commonwealth of Pennsylvania, Connecticut Department of Revenue, Connecticut Secretary of State, Consumers Energy, Connection 18, Courage Clothing, Credit Suisse First Boston Mortgage Securities, Dallas County Tax Collector, Dayton Power and Light Company, Dell Marketing, LP, Department of Assessments & Taxation, Department of Public Safety, Department of Financial Institutions, Dex Imaging, Director of Finance Baltimore, Diversified Collection Services, Inc., Dominion East Ohio, Dominion Virginia Power, Don's Plumbing, Inc., Doug Belden Tax Collector, Douglas County, DTE Energy, Duke Energy, Durham County, Duval County, Duquesne Light, Dykema Gossett PLLC, Edens & Avant, Edwards Electrical & Mechanical, Employment Security Commission, Enterprise Associates, Entergy, Escambia County, Estes Express Lines, Evergreen Plaza Associates IV, LP, Express Services, Inc., False Alarm Reduction, FedEx, Florida Department of State, Florida Disbursement Unit, Florida Unemployment Compensation Fund, Forever Link, Fort Pierce Utilities Authority, Fulton County Tax Commissioner, GC Services, Gas South, LLC, Georgia Department of Revenue, Georgia Department of Labor, Georgia Natural*

7

Gas, Georgia Power, Grainger, Green Cooper, Guardian Life, Greystone Power Corporation, Harris County, Henry's Lock & Key Service, Hillsborough County, Hillsborough County Tax Collector, Hinshaw & Culbertson, Home Depot, Huntsville Utilities, Iberia Bank, Illinois Department of Revenue, Illinois Secretary of State, Image Works, Indiana American Water, Indiana Department of Revenue, Internal Revenue Service, Jefferson County, Jefferson County Department of Revenue, Jefferson Parish Dept. of Water, Jones, Foster, Johnston & Stubbs, Kansas Gas Service, Kansas Department of Revenue, Kansas Secretary of State, Kentucky State Treasurer, Konica Minolta Business Solutions, Kwik Ticket, Inc., KCP&L, Laclede Gas Company, Lake County, Lansing Board of Water & Light, LG&E, Liberty Power Holdings, LLC, Lincoln Center, Louisiana Department of Revenue, Mac Papers, Mail Finance, Marion County Treasurer, Massachusetts Department of Revenue, McGriff Seibels & Williams, Inc., McKenna Long Aldridge LLP, Mecklenburg County, Megapath Networks, Inc., Meram Properties, LLC, Metlife, Metro Water Services, Mezzanine, Miami-Dade County Tax Collector, Miami-Dade Fire Rescue Department, Miami-Dade Water & Sewer Dept., Michigan Department of Revenue, Michigan Guaranty Agency, Middle Tennessee Electric, Milberg Factors, Mirage, Mississippi State Tax Commissioner, Missouri-American Water Co, Missouri Department of Revenue, Missouri Gas Energy, Mobile County, Montgomery County, Motion Industries, Municipality of Monroeville, Nashville Electric Service, National Fuel Gas, National Grid, National Registered Agents, New Plan Realty Trust, New York State Department of State, Nicor Gas, Nicsco, NRAI, NYSEG, North Carolina Department of Revenue, Oakland County Treasurer, Ohio Department of Taxation, Ohio Edison, Ohio Secretary of State, Ohio Treasurer of State, Old Dominion Freight Line, One Step Up, Orange County Tax

8

*Collector, Orlando Utilities Commission, OUC, Ouachita Parish Tax Collector, PC Systems, Palm Beach County Sheriff's Office, Peco, Penelac, Pennsylvania Department of Revenue, People's Gas, Philadelphia Gas Works, Philadelphia Revenue Department, Piedmont Natural Gas, Pioneer Credit Recovery, Inc., Pitney Bowes, Pitney Bowes Global Financial, Poof Apparel Corp., Prince George's County, Professional Plumbing & Heating, Protective Life, PPL Electric Utilities, PSE & G Co., PSNC Energy, Public Assistance Collection Unit, Pulaski County, Pye Barker Fire & Safety, Raceway Land Development LLC, Ramco Gershenson Properties Trust, Reliant Energy, Rhode Island Division of Taxation, Richland County, Rite Aid Corporation, Roto Rooter Services, Sage Software, Inc., Sam's Club, Scana Energy, SCE&G, Scott Electric, Security Finance, Seven Star Enterprises, Shelby County, Sherwin Williams, SHI International Corporation, Sentry, Solarwinds.net, Southeastern Freight Lines, South Carolina Department of Revenue, Southern Company, Southwestern Electric Power, Sprinkler Matic, Sprint, St. Louis County, St. Lucie County Tax Collector, Staffmark, Standard Insurance, Stanley Security Solutions, State Corporation Commission, State of Maryland, Department of Assessment & Tax, State of Florida Disbursement Unit, State Insurance Fund, State of Maryland, State of Michigan, State of New Jersey Treasurer, State of North Carolina, State of Rhode Island, Sun Life Assurance Company, Symetra Life Insurance Company, Studio Imports, Ltd., Inc., Talx UC Express, Tarrant County, TCCI Broad Street LLC, Telecheck Services, Inc., Teco, Teco Tampa Electric, Tennessee Department of Revenue, Texas Comptroller of Public Accounts, The Check Cashing Store, The CIT Group, The Commonwealth of Massachusetts, The Erland Company, TNCI, Total Media, Inc., Town of Lantana, Town of Mangonia Park, The Illuminating Company, Toledo Edison, Town of Lantana, Treasurer of*

9

*Virginia, Tuscaloosa County, TWC Services, Texas Child Support SDU, U.S. Bank Equipment Finance, U.S. Department of Education, Unifour Fire & Safety, Unishippers, United States Postal Service, UGI Penn Natural Gas, Inc., UGI Utilities, Inc., US LEC Corp., UPS Freight, USI, USR-Desco City Plaza, LLC, Verizon Florida, LLC, Verizon North, Verizon Wireless, Virginia Department of Revenue, Virginia Department of Taxation W-M Development Company, LLC, Waste Management, Wisconsin Department of Revenue, Wyoming Mall, Ltd., Washington Gas, WE Energies, Windstream, Zee Medical, Inc.* and *Zep Sales & Service*;

g)     There are numerous creditors or parties in interest of Simply Fashion which Berger Singerman has formerly represented in entirely unrelated matters, but in respect of which Berger Singerman presently has no active representations.   These parties include *C-III Asset Management, LLC, MMI Capital Partners, LLC, Pitney Bowes, Berkowitz, Pollack & Brant, City of Lauderhill, City of Tallahassee, Climate Control Services, Inc., Compass Bank, Draper & Kramer, Inc., Duval County Process Server, Escambia County, Florida Power & Light, Guardian Life, Jones, Foster, Johnston & Stubbs, Hal Systems, Inc., Hillsborough County, Liberty Power, Qwest Communications* and *Verizon*;

h)     Individuals by the names of  *Sherry Alexander, Sandra Allen, Lois Anderson, Rachel Avery, Sylvia Bailey, Sonya Bell, Kimberly Bennett, Ashley Bonilla, Angela Brown, Kenneth Brown, Jessica Brown, Tabatha Carter, James Clark, Karen Cole, Nancy Collins, Tracey Colquitt, C. David Cottingham, Larry Davis, Michelle Davis, Tracy Davis, William Davis, Tina Ellis, Theresa Evans, William Foster, Robert Freeman, Jason Garcia, Brian Gardner, Sandra Gomez, Fernando Gonzalez, Nicole Gordon, Clara Green, Tony Griffin, Marilyn Fox, Ronnie Goldstein, Angela M.*

10

*Hall, Brittany N. Hall, Charlie Hall, Erica Hall, Michael Hall, Michelle Hall, John Hall, Cynthia Hamilton, Christina Harris, Mary Harris, Kimberly Harris, Sheila Harris, Tiffany Harris, Alex Hernandez, Regina D. Henderson, Carol Hernandez, Elizabeth Hernandez, Jorge Hernandez, Maria Hernandez, Lisa Hicks, Regina Hill, Lisa Hopkins, Michael Hunter, Jennifer Hutchinson, Brandon Johnson, Candace Johnson, Courtney Johnson, Elaine Johnson, Joseph Johnson, Jessica Johnson, Kristina Johnson, Margaret Johnson, Michelle Johnson, Thomas Johnson, Tyler Johnson, Felicia Jones, George Jones, Jessica Jones, Joseph Jones, Kevin Jones, Renee Jones, Jason Katz, Linda Kelley, Patricia Kelly, Robert Kelly, Jennifer Key, Crystal King, Mary Lockhart, Tamara Martin, Willie Martin, Desiree Martinez, Michael McBride, Patricia Merritt, Russell Miller, Raymond Moore, Dorothy Perry, Theresa Roach, Jennifer Robinson, Christina Scott, Mary Simmons, Alfredo Sanchez, Dwight Scott, Andrea Smith, Charlotte Smith, Debra Smith, Kevin Smith, Mark Smith, Charmaine Stewart, Allen Thomas, Brenda Thomas, Marcus Thomas, Maria Torres, Brian Tucker, Eric Turner, Marcus Walker, John Walker, Donald Walker, Anthony Williams, Bernice Williams, Jamie Williams, Keith Williams, Kimberly Williams, Lori Williams, Robert Williams, Shawn E. Williams, Valerie Williams, Linda Wilson, Angela Woods* and *Wayne Wright* (collectively, the "Individuals") are listed as creditors or parties in interest of Simply Fashion. Berger Singerman has represented third parties in wholly unrelated matters whose interests may have been adverse to one or more of the Individuals.  It is impossible for our firm to confirm with certainty that the individuals associated with the third party representations, are the same Individuals listed as creditors or parties in interest of Simply Fashion;

i)    Individuals by the names of *Fernando Gonzalez* and *Jorge Hernandez* are

11

listed as creditors or parties in interest of Simply Fashion.   Berger Singerman formerly represented individuals by the same names.  It is impossible for our firm to confirm with certainty that the *Fernando Gonzalez* and *Jorge Hernandez*  formerly represented by Berger Singerman are the same individuals who are creditors or parties in interest of Simply Fashion;

j)      An individual by the name of *Joseph Jones* is listed as a creditor or interested party of Simply Fashion.   Berger Singerman employs an attorney by the same name.   Berger Singerman has confirmed that the *Joseph Jones* who is employed by Berger Singerman is not the same *Joseph Jones* that is the creditor or notice party of Simply Fashion;

k)      An individual by the name of *Michael Hall is* listed as a creditor or interested party of Simply Fashion.   Berger Singerman represents an individual by the same name.  It is impossible for our firm to confirm with certainty that the *Michael Hall*  who is represented by Berger Singerman is not the same individual that is a creditor or interested party of Simply Fashion;

l)      Berger Singerman represents privately held as well as public companies in out of court and restructuring matters (the "Non-Debtor Clients").  Several creditors of the instant Debtors may be creditors of one or more of our firm's Non-Debtor Clients.  Berger Singerman's representation of the Non-Debtor Clients does not impair Berger Singerman's disinterestedness or its ability to represent the Debtors in these cases;

m)      Berkowitz Pollack & Brant Advisors and Accountants ("BPB") represents certain affiliates of the Debtors. I and other employees of Berger Singerman have personal friendships with a number of accountants at BPB. In addition, Berger Singerman and BPB have worked on a significant number of matters in which the interests of our respective clients were

aligned and other matters in which the interests of our respective clients were adverse; and

n)   Genovese Joblove & Battista, P.A.  ("GJB") represents certain affiliates of the Debtors. I and other employees of Berger Singerman have personal friendships with a number of attorneys at GJB. In addition, Berger Singerman and GJB have worked on a significant number of matters in which the interests of our respective clients were aligned and other matters in which the interests of our respective clients were adverse.

5.   Berger Singerman submits that none of the foregoing representations or connections constitutes a conflict of interest or in any way impairs its disinterestedness in these cases.

6.   Other than as set forth in this declaration, Berger Singerman neither holds nor represents any interest adverse to the Debtors and is a "disinterested person" within the scope and meaning of Section 101(14) of the Bankruptcy Code.

7.   Neither I nor our firm has or will represent any other entity in connection with these cases, and neither I nor our firm will accept any fee from any other party or parties in these cases, except the Debtors-in-Possession, unless otherwise authorized by the Court.

8.   On March 17, 2015, the Debtors retained Berger Singerman to act as their counsel in connection with insolvency and restructuring matters.  Since that date, Berger Singerman has provided pre-petition insolvency and restructuring services to the Debtors.

9.   On March 20, 2015, Berger Singerman received an initial retainer from Simply Fashion in the amount of $15,000.00, which was deposited into a trust account of Berger Singerman.  On March 27, 2015, Berger Singerman received a second retainer from Simply Fashion in the amount of $25,000.00, which was deposited into a trust account of Berger Singerman.   On

13

April 3, 2015, Berger Singerman received a third retainer from Simply Fashion in the amount of $25,000.00, which was deposited into a trust account of Berger Singerman. On April 8, 2015, Berger Singerman received a fourth retainer from Simply Fashion in the amount of $50,000.00, which was deposited into the trust account of Berger Singerman.    On April 14, 2015, Berger Singerman received a fifth retainer from Simply Fashion in the amount of $80,000.00, which was deposited into the trust account of Berger Singerman.    On April 15, 2015, Berger Singerman received a sixth retainer from Simply Fashion in the amount of $150,000.00 which was deposited into the trust account of Berger Singerman.  On April 16, 2015, Berger Singerman applied the sum of $229,985.60 from the $345,000.00 being held in its trust account, toward payment in full of its pre-petition fees and expenses, leaving a trust account balance of $115,014.40.

10.    On April 16, 2015, Berger Singerman received an additional retainer from Simply Fashion in the amount of $35,000.00, which was deposited into a trust account of Berger Singerman.   Berger Singerman will hold in its trust account the remaining sum of $150,014.40 as security for the fees and costs that may be awarded to it by the Court in these cases.

11.    The professional fees and costs incurred by Berger Singerman in the course of its representation of the Debtors in these cases shall be subject in all respects to the application and notice requirements of 11 U.S.C. §§ 327, 330 and 331 and FRBP 2014 and 2016.

12.    The current hourly rates for the attorneys at Berger Singerman range from $275.00 to $695.00.  The current hourly rates of Paul Steven Singerman and Christopher A.  Jarvinen, the partners who will be principally responsible for Berger Singerman's representation of the Debtors, are $695.00 and $625.00, respectively, and the current hourly rates of the of-counsel and associate

attorneys who will work on this matter range from $275.00 to $600.00 per hour. The current hourly rates for the legal assistants and paralegals at Berger Singerman range from $75.00 to $225.00. Berger Singerman typically adjusts its hourly rates annually on January 1st.

13.    There is no agreement of any nature, other than the shareholder agreement of our firm, as to the sharing of any compensation to be paid to the firm. No promises have been received by Berger Singerman nor any member, or associate thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

14.    No attorney in our firm holds a direct or indirect equity interest in the Debtors, including stock or stock warrants, or has a right to acquire such an interest.

15.    No attorney in our firm is or has served as an officer, director or employee of the Debtors within two years before the Petition Date.

16.    No attorney in our firm is in control of the Debtors or is a relative of a general partner, director, officer or person in control of the Debtors.

17.    No attorney in our firm is a general or limited partner of a partnership in which the Debtors are also a general or limited partner.

18.    No attorney in our firm is or has served as an officer, director or employee of a financial advisor that has been engaged by the Debtors in connection with the offer, sale or issuance of a security of the Debtors, within two years before the Petition Date.

19.    No attorney in our firm has represented a financial advisor of the Debtors in connection with the offer, sale or issuance of a security of the Debtors within three years before the filing of the petition.

15

20.    No attorney in the firm has any other interest, direct or indirect, that may be affected by the proposed representation.

21.    Except as forth herein, no attorney in our firm has had or presently has any material connection with the captioned Debtors, the Debtors' creditors, any other party in interest or their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee (but the undersigned and many employees of Berger Singerman have personal relationships and friendships with attorneys at the Office of the United States Trustee in the Southern District of Florida), on any matters in which the firm is to be engaged, except that I, our law firm, and our attorneys (i) may have appeared in the past, and may appear in the future, in other cases in which one or more of said parties may be involved; and (ii) may represent or may have represented certain of the Debtors' creditors in matters unrelated to these cases.

22.    This concludes my Declaration.

16

6311884-3

## 28 U.S.C § 1746 Declaration

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.  Executed on April 16, 2015.

_____
PAUL STEVEN SINGERMAN

6311884-3

**<u>EXHIBIT "B"</u>**

**(Proposed Order)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                          Chapter 11 Cases

ADINATH CORP. and SIMPLY                        Case No. _____
FASHION STORES, LTD., [1]                       (Joint Administration Pending)

       Debtors.
_____/

## INTERIM ORDER APPROVING THE EMPLOYMENT
## OF PAUL STEVEN SINGERMAN AND THE LAW FIRM OF
## BERGER SINGERMAN LLP AS COUNSEL FOR THE
## DEBTORS-IN-POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE

**THIS MATTER** came before the Court on the ___ day of April, 2015 at ____ _.m. in

Miami, Florida, upon the *Debtors' Application for Approval, on an Interim and Final Basis, of the*

*Employment of Paul Steven Singerman and the Law Firm of Berger Singerman LLP as Counsel for*

*Debtors-in-Possession Nunc Pro Tunc to the Petition Date* [ECF No. __] (the "Application"), the

---

[1]  The Debtors in these cases, along with the addresses and last four digits of each Debtor's federal tax identification number are: (i) Adinath Corp., 2110 N.W.95th Avenue, Miami FL 33172 (4843); and (ii) Simply Fashion Stores, Ltd., 2500 Crestwood Boulevard, Birmingham, AL 35210 (6230).

*Declaration in Support of First Day Pleadings* [ECF No. ___] (the "<u>First Day Declaration</u>"), and the *Declaration of Paul Steven Singerman, on Behalf of Berger Singerman LLP, as Proposed Counsel for Debtors-in-Possession, Nunc Pro Tunc to the Petition Date* (the "<u>Singerman Declaration</u>") attached to the Application as **Exhibit "A."**   The Application requests entry of interim and final orders approving the Debtors' employment of Berger Singerman LLP to represent it as general counsel in these Chapter 11 cases.  The Court has jurisdiction over the matters raised in the Application pursuant to 28 U.S.C. §§ 157 and 1334(b).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The relief requested in the Application is in the best interests of the Debtors, their estates and creditors.  The Singerman Declaration makes relevant disclosures as required by Fed. R. Bankr. P. 2014 and Fed. R. Bankr. P. 2016.   The Singerman Declaration contains a verified statement as required by Fed. R. Bankr. P. 2014 demonstrating that Paul Steven Singerman and Berger Singerman LLP are disinterested as required by 11 U.S.C. § 327(a).  Pursuant to 11 U.S.C. § 327(a), Fed. R. Bankr. P. 2014(a) and Local Rule 2014-1(A), the Court is authorized to grant the relief requested in the Application.  Upon the record herein, and after due deliberation thereon good and sufficient cause exists for the granting of the relief as set forth herein.  Accordingly, it is hereby

     **ORDERED** that:

1.      The Application is **GRANTED** on an interim basis.

2.      The employment by the Debtors, as debtors-in-possession, of Paul Steven Singerman and the law firm of Berger Singerman LLP, as general counsel, in these chapter 11 cases is **APPROVED** pursuant to 11 U.S.C.  § 327(a), on an interim basis, pending a final hearing as set forth below.

3.	The employment of Paul Steven Singerman and the law firm of Berger Singerman LLP by the Debtors shall be *nunc pro tunc* to the Petition Date.

4.	Berger Singerman LLP shall apply for compensation and reimbursement of costs, pursuant to 11 U.S.C. §§ 330 and 331, at its ordinary rates, as they may be adjusted from time to time, for services rendered and costs incurred on behalf of the Debtors.   Berger Singerman LLP will apply for compensation and reimbursement of costs.

5.	The Court shall conduct a final hearing (the "Final Hearing") on the Application on _____, 2015 at _____ .m., **United States Bankruptcy Court, C. Clyde Atkins United States Courthouse, 301 North Miami Avenue, Courtroom____, Miami, FL 33128.**

6.	Entry of this Interim Order is without prejudice to the rights of any party-in-interest to interpose an objection to the Application, and any such objection will be considered on a *de novo* standard at the Final Hearing.

7.	In the event the Application is not granted on a final basis, Berger Singerman LLP shall be authorized to submit a fee application with this Court for compensation for fees and expenses incurred in the period between the Petition Date and the Final Hearing.

8.	This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

# # #

Submitted by:
Paul Steven Singerman, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile:  (305) 714-4340
Email:  singerman@bergersingerman.com

3

Copies furnished to:

Paul Steven Singerman, Esq.

*(Attorney Singerman is directed to serve a signed copy of this Order upon all interested parties and to file a Certificate of Service with the Court.)*

6322584-1

4