UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                          Chapter 11 Cases

ADINATH CORP. and SIMPLY                        Case No. _____
FASHION STORES, LTD., [1]                          (Joint Administration Pending)

       Debtors.
_____/

**DEBTORS' MOTION FOR ORDER ESTABLISHING PROCEDURES
FOR MONTHLY AND INTERIM COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS**

Adinath Corp. ("Adinath") and Simply Fashion Stores, Ltd. ("Simply Fashion", and

together with Adinath, each, a "Debtor", and collectively, the "Debtors"), by and through their

proposed undersigned counsel, by and through their undersigned proposed counsel, pursuant

to 11 U.S.C. §§ 105(a) and 331, files this *Debtors' Motion for Order Establishing Procedures*

*for Monthly and Interim Compensation and Reimbursement of Expenses for Professionals* (the

"Motion") seeking the establishment of procedures for monthly and interim compensation

procedures.  In support of this Motion, the Debtors rely upon the *Declaration in Support of First*

*Day Pleadings* (the "First Day Declaration") and respectfully represent as follows:

**Jurisdiction and Venue**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

---

[1]   The Debtors in these cases, along with the addresses and last four digits of each Debtor's federal tax
identification number are: (i) Adinath Corp., 2110 N.W.95th Avenue, Miami FL 33172 (4843); and (ii)
Simply Fashion Stores, Ltd., 2500 Crestwood Boulevard, Birmingham, AL 35210 (6230).

## Background

2.      On the date hereof (the "<u>Petition Date</u>"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").

1.      The Debtors are operating their businesses and managing their affairs as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code. The statutory predicates for the relief sought herein are sections 105(a), 507(a)(8), 363(b), 541, 1107(a) and 1108 of chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 2014(a), 2016 and 6003 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Local Rules 2014-1(A) and 2016-1(A).

3.      For a detailed description of the Debtors and their operations, the Debtors respectfully refer the Court and parties in interest to the First Day Declaration.

## Relief Requested and Basis Therefor

4.      The Debtors request the Court enter an order establishing a procedure for compensating and reimbursing professionals on a monthly basis, comparable to those established in many other large chapter 11 cases in this and other districts.  In this way, the Court and parties-in-interest can more effectively monitor the fees incurred, and the Debtors will be able to spread out their payments of professional fees, rather than suffer larger depletions to its cash flow on an irregular basis.

5.      In connection with these chapter 11 cases, the Debtors are filing an application to retain Berger Singerman LLP as their bankruptcy counsel. [2]  Because of the possibility that the

---

[2] The Debtors have also filed application to retain (i) KapilaMukamal LLP ("<u>KMLLP</u>"), pursuant to 11 U.S.C. § 363(b), to provide restructuring management services to the Debtors, including providing a Chief Restructuring Officer; and (ii) Prime Clerk LLC ("<u>Prime Clerk</u>") as the claims, noticing and

Debtors will seek to employ additional professionals, the process of such professional fee applications may well be burdensome on the Debtors, these professionals and the Court.  Thus, implementation of compensation procedures will provide a streamlined and otherwise efficient method for compensating professionals and, as stated, such procedures will allow the Court and parties interest to monitor fees sought by and paid to such professionals.

6.      In summary, the requested monthly compensation procedure would require all professionals retained with Court approval (the "Professionals") to present to counsel for the Debtors, counsel for the Official Committee of Unsecured Creditors (the "Committee"), if one is established, any other appointed committee, counsel for secured creditors, and the United States Trustee a detailed statement of services rendered and expenses incurred for the prior month.  If no timely objection is filed, the Debtors would promptly pay 80% of the amount of fees incurred for the month, with a 20% holdback, and 100% of out-of-pocket expenses for the month.  These payments would be subject to the Court's subsequent approval as part of the normal interim fee application process (approximately every 120 days).

7.      The Debtors propose that the monthly payment of compensation and reimbursement of expenses of the Professionals be structured as follows:

     a.      On or before the 10th day of each month following the month for which compensation is sought, each Professional will serve a monthly statement upon (i) the Debtors, Adinath Corp. and Simply Fashion Stores, Ltd.,2110 N.W. 95th Avenue, Miami, FL 33172 (Attn:  Swapnil Shah); (ii) the Debtors' Chief Restructuring Advisor, KapilaMukamal LLP, 1000 South Federal Highway, Suite 200, Fort Lauderdale, FL 33316 (Attn:  Soneet R. Kapila, Chief Restructuring Officer); (iii) Debtors' counsel, Berger Singerman LLP, 1450 Brickell Avenue, Suite 1900, Miami, FL 33131 (Attn: Christopher A. Jarvinen, Esq.); (iv) the Office of the United States Trustee, 51 S.W. First Avenue, Suite 1204, Miami, FL  33130; (v) counsel

---

solicitation agent.  These professionals should not be subject to the regular hold-back requirements based on the nature of their respective engagements with the Debtors.

for the Official Committee of Unsecured Creditors (the "<u>Committee</u>"), if one is established; and (vi) counsel to the secured creditor, JNS INVT, LLC, c/o Genovese Joblove & Battista, P.A., 100 Southeast Second Street, 44th Floor, Miami, FL 33131 (<u>Attn</u>: Paul J. Battista, Esq.) (collectively, the "<u>Application Recipients</u>").

b.      The monthly statement need not be filed with the Court and a courtesy copy need not be delivered to the presiding judge's chambers since this procedure is not intended to alter the fee application requirements outlined in §§ 330 and 331 of the Code and since Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Code, the Bankruptcy Rules and the Local Rules for the United States Bankruptcy Court, Southern District of Florida.

c.      Each monthly fee statement must contain an abbreviated narrative of the services rendered, accompanied by a printout or schedule of the reimbursable expenses incurred and the professional and paraprofessional time spent (in sufficient detail to allow the review of this time by the Application Recipients), which shall ordinarily be for services rendered through a particular calendar month.

d.      Each Application Recipient receiving a statement may object to the payment of the fees or the reimbursement of costs set forth therein by serving a written objection (which shall not be filed with the Court) upon the other Application Recipients on the 25th day of the month immediately following the date upon which the statement is received (unless such day is not a Business Day, in which case such deadline shall be the first Business Day preceding the 25th day of such month). The objection shall state the nature of the objection and identify the amount of fees or costs to which objection is made. The objecting party shall attempt in good faith to object only to the portion of the statement that is deemed to be objectionable.

e.      In the absence of any timely objection, the Debtors are authorized to pay 80% of the fees and 100% of the expenses, except such fees or expenses as to which an objection may be served by one of the Application Recipients as provided in sub-paragraph (f) below.

f.      If the Debtors receive an objection to a particular fee statement, they shall withhold payment of that portion of the fee statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e). All Professionals subject to these fee procedures shall establish a separate billing number for any time spent on the resolution of fee disputes. Any fees incurred in connection with such fee disputes shall not be paid pursuant to the monthly statement but may only be sought and paid upon

the filing of an interim fee application as set forth in sub-paragraph (k) below and after order of court.

g.  Similarly, if the parties to an objection are able to resolve their dispute following the service of an objection and if the party whose statement was objected to serves on all of the parties listed in paragraph (a) a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, then the Debtors are authorized to pay, in accordance with paragraph (e), that portion of the fee statement which is no longer subject to an objection.

h.  All objections that are not resolved by the parties shall be preserved and presented to the Court by the objecting party at the next interim or final fee application hearing to be heard by the Court pursuant to paragraph (k) below.

i.  The service of an objection in accordance with paragraph (d) shall not prejudice the objecting party's right to object to any fee application on any ground, whether or not raised in the objection.  Furthermore, the decision by any party not to object to a fee statement shall not be a waiver of, nor otherwise prejudice, that party's right to object to any subsequent fee application.

j.  The first statement shall be served by each of the Professionals by the **10th day of May, 2015**, and shall cover the period from the Petition Date through April 30, 2015 (the "<u>Initial Statement</u>").  Objections, if any, to the Initial Statement shall be served on the Application Recipients by **May 25, 2015**.

k.  Unless the Court orders otherwise, each of the Professionals utilizing the procedures described herein shall file interim fee applications, for the amount of fees and costs sought in paragraph 8(e) above, in accordance with the 120 day guideline set forth in Section 331 of the Bankruptcy Code as follows:

   i.  First Interim Fee Applications may be filed on **August 17, 2015** (the "<u>First Interim Fee Applications</u>").  The First Interim Fee Applications shall represent fees and costs incurred by the Professionals from the Petition Date through July 31, 2015.

   ii.  Second Interim Fee Applications may be filed on **December 17, 2015** (the "<u>Second Interim Fee Applications</u>").  The Second Interim Fee Applications shall represent fees and costs incurred by the Professionals from August 1, 2015 through November 30, 2015.

   iii.  Thereafter, interim fee applications may be filed in accordance with the schedule set forth above covering the preceding four

month time period.  All interim fee applications shall comply with the Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases.  The Court shall schedule and conduct a hearing upon proper notice in accordance with Bankruptcy Rule 2002(a)(6), to determine all interim fee applications pending before it.

iv.    Additionally, upon the filing of an interim fee application, provided no objections have been filed, the Court will approve 100% of the Professionals' requested fees and 100% of the Professionals' requested expenses. The Debtors shall be authorized to pay each Professional 80% of their awarded fees and 100% of their awarded expenses.

l.    A Professional who fails to file an application seeking approval of compensation and expenses previously paid pursuant to these fee procedures when such application is due shall preclude such Professional from utilizing the automatic pay procedures as provided herein until an interim fee application has been filed and heard by the Court.

m.    A determination by the Court that payment of compensation or reimbursement of expenses was improper as to a particular monthly statement shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

n.    Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Professionals.

8.    The Debtors will include all payments made to Professionals as contemplated herein in their monthly operating reports, identifying the amount paid to each Professional.

9.    The procedures suggested herein will enable all parties to closely monitor costs of administration, and will enable the Debtors to maintain a more level cash flow availability and implement efficient cash management.

### **Basis for Relief Requested**

10.    Pursuant to section 331 of the Bankruptcy Code, all professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days "or

6336440-1

6

more often if the Court permits . . . ." 11 U.S.C. § 331. Section 105(a) of the Bankruptcy Code provides, in part, that the Court "may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Comparable procedures to those set forth herein have been adopted in other Chapter 11 cases in this district. *See, e.g.*, *In re Maguire Group Holdings, Inc.,* Case No. 11-39347-RAM (Bankr. S.D. Fla. Nov. 1, 2011); *In re HearUSA, Inc.*, Case No. 11-23341-EPK (Bankr. S.D. Fla. May 20, 2011); *In re Gulfstream International Group, Inc., et al.,* Case No. 10-44131-JKO (Bankr. S.D. Fla. Nov. 8, 2010); *In re Medical Staffing Network Holdings, Inc., et al.*, Case No. 10-29101-EPK (Bankr. S.D. Fla. July 22, 2010); *In re Protective Products of America, Inc., et al.*, Case No. 10-10711-JKO (Bankr. S.D. Fla. Feb. 11, 2010); *In re Gemini Cargo Logistics, Inc., et al.,* Case No. 08-18173-PGH (Bankr. S.D. Fla. June 20, 2008); *In re First NLC Financial Services, LLC, et al.,* Case No. 08-10632-BKC-PGH (Bankr. S.D. Fla. Feb. 13, 2008); *In re Tousa, Inc., et al.*, Case No. 08-10928-JKO (Bankr. S.D. Fla. Jan. 31, 2008); *In re Levitt and Sons, LLC et al.,* Case No. 07-19845-RBR (Bankr. S.D. Fla. Nov. 14, 2007); and *In re Gemini Cargo Logistics, Inc.*, *et al,* Case No. 06-10870-AJC (Bankr. S.D. Fla. Mar. 20, 2006).

**WHEREFORE**, the Debtors respectfully request that the Court enter an order in the form annexed hereto as **Exhibit "A"** (i) granting this Motion; (ii) authorizing the procedures for compensating and reimbursing Professionals as set forth herein; and (iii) granting the Debtors

such other and further relief to which it is entitled.

Dated:  April 16, 2015                    Respectfully submitted,

                                          BERGER SINGERMAN LLP
                                          *Proposed Counsel for the Debtors and Debtors in
                                          Possession*
                                          1450 Brickell Avenue, Ste. 1900
                                          Miami, FL  33131
                                          Telephone:  (305) 755-9500
                                          Facsimile:  (305) 714-4340

                                          By:   */s/  Paul Steven Singerman*
                                                Paul Steven Singerman
                                                Florida Bar No. 378860
                                                singerman@bergersingerman.com
                                                Christopher A. Jarvinen
                                                Florida Bar No. 21745
                                                cjarvinen@bergersingerman.com

# EXHIBIT "A"

**(Proposed Order)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                  Chapter 11 Cases

ADINATH CORP. and SIMPLY                  Case No. _____
FASHION STORES, LTD., [1]                    (Joint Administration Pending)

      Debtors.

_____/

**ORDER GRANTING DEBTORS' MOTION FOR ORDER ESTABLISHING
PROCEDURES FOR MONTHLY AND INTERIM COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS**

**THIS MATTER** came before the Court on the _____ day of April, 2015 at _____

a.m./p.m. in Miami, Florida, upon the *Debtors' Motion for Order Establishing Procedures for*

*Monthly and Interim Compensation and Reimbursement of Expenses for Professionals* (the

"Motion") [ECF No. ____] filed by the above-captioned debtors in possession (collectively, the

"Debtors"). The Motion requests the entry of an order establishing a procedure for compensating

---

[1]   The Debtors in these cases, along with the addresses and last four digits of each Debtor's federal tax
identification number are: (i) Adinath Corp., 2110 N.W.95th Avenue, Miami FL 33172 (4843); and (ii)
Simply Fashion Stores, Ltd., 2500 Crestwood Boulevard, Birmingham, AL 35210 (6230).

and reimbursing professionals on a monthly basis. The Court has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The relief requested in the Motion is in the best interests of the Debtors, their estates, and their creditors. Proper and adequate notice of the Motion and the hearing thereon has been given and no other or further notice is necessary. Upon the record herein after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein. Accordingly, it is hereby

    **ORDERED** that:

1.    The Motion is **GRANTED** *nunc pro tunc* to the Petition Date[2].

2.    Interim compensation and reimbursement of the Professionals in these cases shall be in accordance with this Order.

3.    Except as may otherwise be provided in Court orders authorizing the retention of specific professionals, all Professionals retained in the Debtors chapter 11 cases may seek monthly compensation in accordance with the following procedures:

    a.    On or before the 10th day of each month following the month for which compensation is sought, each Professional will serve a monthly statement upon (i) the Debtors, Adinath Corp. and Simply Fashion Stores, Ltd.,2110 N.W. 95th Avenue, Miami, FL 33172 (Attn: Swapnil Shah); (ii) the Debtors' Chief Restructuring Advisor, KapilaMukamal LLP, 1000 South Federal Highway, Suite 200, Fort Lauderdale, FL 33316 (Attn: Soneet R. Kapila, Chief Restructuring Officer); (iii) Debtors' counsel, Berger Singerman LLP, 1450 Brickell Avenue, Suite 1900, Miami, FL 33131 (Attn: Christopher A. Jarvinen, Esq.); (iv) the Office of the United States Trustee, 51 S.W. First Avenue, Suite 1204, Miami, FL 33130; (v) counsel for the Official Committee of Unsecured Creditors (the "Committee"), if one is established; and (vi) counsel to the secured creditor, JNS INVT, LLC, c/o Genovese Joblove & Battista, P.A., 100 Southeast Second Street, 44th Floor, Miami, FL 33131 (Attn: Paul J. Battista, Esq.) (collectively, the "Application Recipients").

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

b.       The monthly statement need not be filed with the Court and a courtesy copy need not be delivered to the presiding judge's chambers since this procedure is not intended to alter the fee application requirements outlined in §§ 330 and 331 of the Code and since Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Code, the Bankruptcy Rules and the Local Rules for the United States Bankruptcy Court, Southern District of Florida.

c.       Each monthly fee statement must contain an abbreviated narrative of the services rendered, accompanied by a printout or schedule of the reimbursable expenses incurred and the professional and paraprofessional time spent (in sufficient detail to allow the review of this time by the Application Recipients), which shall ordinarily be for services rendered through a particular calendar month.

d.       Each Application Recipient receiving a statement may object to the payment of the fees or the reimbursement of costs set forth therein by serving a written objection (which shall not be filed with the Court) upon the other Application Recipients on the 25th day of the month immediately following the date upon which the statement is received (unless such day is not a Business Day, in which case such deadline shall be the first Business Day preceding the 25th day of such month). The objection shall state the nature of the objection and identify the amount of fees or costs to which objection is made. The objecting party shall attempt in good faith to object only to the portion of the statement that is deemed to be objectionable.

e.       In the absence of any timely objection, the Debtors are authorized to pay 80% of the fees and 100% of the expenses, except such fees or expenses as to which an objection may be served by one of the Application Recipients as provided in sub-paragraph (f) below.

f.       If the Debtors receive an objection to a particular fee statement, they shall withhold payment of that portion of the fee statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e). All Professionals subject to these fee procedures shall establish a separate billing number for any time spent on the resolution of fee disputes. Any fees incurred in connection with such fee disputes shall not be paid pursuant to the monthly statement but may only be sought and paid upon the filing of an interim fee application as set forth in sub-paragraph (k) below and after order of court.

g.       Similarly, if the parties to an objection are able to resolve their dispute following the service of an objection and if the party whose statement was objected to serves on all of the parties listed in paragraph (a) a statement

indicating that the objection is withdrawn and describing in detail the terms of the resolution, then the Debtors are authorized to pay, in accordance with paragraph (e), that portion of the fee statement which is no longer subject to an objection.

h.    All objections that are not resolved by the parties shall be preserved and presented to the Court by the objecting party at the next interim or final fee application hearing to be heard by the Court.  See paragraph (k) below.

i.    The service of an objection in accordance with paragraph (d) shall not prejudice the objecting party's right to object to any fee application on any ground, whether or not raised in the objection.  Furthermore, the decision by any party not to object to a fee statement shall not be a waiver of, nor otherwise prejudice, that party's right to object to any subsequent fee application.

j.    The first statement shall be served by each of the Professionals by the 10th day of May, 2015, and shall cover the period from the Petition Date through April 30, 2015 (the "Initial Statement").  Objections, if any, to the Initial Statement shall be served on the Application Recipients by May 25, 2015.

k.    Unless the Court orders otherwise, each of the Professionals utilizing the procedures described in this Order shall file interim fee applications, for the amount of fees and costs sought in paragraph 3(e) above, in accordance with the 120 day guideline set forth in Section 331 of the Bankruptcy Code as follows:

i.    First Interim Fee Applications may be filed on **August 15, 2015** (the "First Interim Fee Applications").  The First Interim Fee Applications shall represent fees and costs incurred by the professionals from the Petition Date through July31, 2015.

ii.    Second Interim Fee Applications may be filed on or before December 15, 2015 (the "Second Interim Fee Applications"). The Second Interim Fee Applications shall represent fees and costs incurred by the professionals from August 1, 2015 through November 30, 2015.

iii.    Thereafter, interim fee applications may be filed in accordance with the schedule set forth four above covering the preceding four month time period.  All interim fee applications shall comply with the Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases. The Court shall schedule and conduct a hearing upon proper notice, in accordance with Bankruptcy Rule 2002(a)(6), to determine all interim fee applications pending before it.

iv.   Additionally, upon the filing of an interim fee application, provided no objections have been filed, the Court will approve 100% of the Professionals' requested fees and 100% of the Professionals' requested expenses. The Debtors shall be authorized to pay each Professional 80% of their awarded fees and 100% of their awarded expenses.

l.   A Professional who fails to file an application seeking approval of compensation and expenses previously paid under this Order when such application is due shall preclude such Professional from utilizing the automatic pay procedures as provided herein until an interim fee application has been filed and heard by the Court.

m.   A determination by the Court that payment of compensation or reimbursement of expenses was improper as to a particular monthly statement shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

n.   Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Professionals.

4.   All time records maintained by estate Professionals and their fee applications shall be in accordance with the *Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases*.

5.   The Debtors shall include all payments to Professionals on their monthly operating reports, detailed so as to state the amount paid to each of the Professionals.

6.   The Debtors may not make any payments under this Order if the Debtors have not timely filed monthly operating reports or remained current with their administrative expenses and 28 U.S.C. § 1930.  Otherwise, this Order shall continue and shall remain in effect during the pendency of these cases unless otherwise ordered by the Court.

7.   All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8.      Upon motion or application, and after due notice to all parties set forth on the Master Service List, additional professionals employed by the Debtors or the Committee may be authorized to participate in modified interim compensation procedures as set forth in this Order.

9.      All professionals subject to this Order shall be required to monitor their own compliance with the terms of this Order and shall include the following certification on each monthly invoice: **I hereby certify that I am in compliance with the terms of the *Order Granting Debtors' Motion for Order Establishing Procedures for Monthly and Interim Compensation and Reimbursement of Expenses for Professionals*.**

# # #

Submitted by:
Paul Steven Singerman, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile:  (305) 714-4340
Email:  singerman@bergersingerman.com

Copies furnished to:
Paul Steven Singerman, Esq.
*(Attorney Singerman is directed to serve a signed copy of this Order upon all interested parties and to file a Certificate of Service with the Court.)*