UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re | Chapter 11 Cases |
| ADINATH CORP. and SIMPLY FASHION STORES, LTD, Debtors.                     / | Case No. 15-16885-LMI (Jointly Administered) |

**LIMITED OBJECTION TO DEBTORS' EMERGENCY MOTION PURSUANT TO SECTIONS 105(A), 363, AND 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 6004 AND 6006, AND LOCAL RULE 6004-1, FOR (I) APPROVAL OF PROCEDURES IN CONNECTION WITH THE SALE OF ALL OR SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (II) AUTHORIZATION TO ENTER INTO STALKING HORSE AGREEMENT IN CONNECTION THEREWITH: (III) APPROVAL OF THE PAYMENT OF STALKING HORSE PROTECTIONS; AND (IV) THE SETTING OF RELATING AUCTION AND HEARING DATES**

Mahavir International, Inc. ("**Mahavir**") objects to *Debtors' Emergency Motion Pursuant to Sections 105(a), 363, and 365 of the Bankruptcy Code and Bankruptcy Rules 6004 and 6006, and Local Rule 6004-1, for (I) Approval of Procedures in Connection with the Sale of All or Substantially All of the Debtors' Assets; (II) Authorization to Enter into Stalking Horse Agreement in Connection Therewith: (III) Approval of the Payment of Stalking Horse Protections; and (IV) the Setting of Relating Auction and Hearing Dates* (the "**Sale Motion**") [ECF No. 39] and states as follows:

## Introduction

Swapnil Shah, President and CEO of debtor Simply Fashion Stores, Ltd. ("**SFS**"), wore many hats in his dealings with Mahavir, of which he was also CEO at the time. Swapnil Shah manufactured a scheme by which he obtained $2,000,000 from Mahavir's shareholders to rescue SFS from a significant default situation with Regions Bank. But, Swapnil did not stop there. He then proceeded to create two promissory notes under which SFS was the borrower, Mahavir was a

lender, and JNS Invt, LLC ("**JNS**") was a co-lender; Swapnil Shah structured these loan transactions **where he signed in the capacity of the borrower (SFS)** *and* **the lender (Mahavir),** *and* **a co-lender (JNS)**. Mahavir was never made aware of the position of JNS with respect to these notes despite the fact that 100% of the monies lent were from Mahavir.

During the time that Swapnil Shah was creating what was tantamount to empty pieces of paper, i.e. the subject promissory notes, purporting to represent Mahavir's interest in the monies lent, he was simultaneously creating secured loan transactions between JNS and SFS. Under Swapnil's scheme, JNS (wholly owned and controlled by Swapnil), received priority in repayment from SFS, and Mahavir was pushed to the back of the line. Accordingly, Mahavir files this limited objection and requests this Court enter an order requiring the proceeds from the sale be held by the Debtors until a full investigation of Swapnil's actions can be completed.

### Background

1. **Bankruptcy Case.** On April 16, 2015, the Simply Fashion Stores, Ltd. ("**SFS**") and Adinath Corp. ("**Adinath**," together with SFS, the "**Debtors**") filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Since the petition date, the Debtors have remained in possession of their assets and have continued to operate and manage their business as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. Swapnil Shah is the President and CEO of SFS, and was in control of the Debtors prior to the petition date.

3. On April 16, 2015, the Debtors filed *Debtors' Emergency Motion (I) for Authorization to (A) Obtain Postpetition Secured Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, and 364, and (B) To Use Cash Collateral on an Interim Basis Pursuant to 11 U.S.C. § 363, (II) To Grant Adequate Protection in Connection Therewith Pursuant to 11 U.S.C. §§ 361, 363, and 507, and (III) Scheduling a Final Hearing Under Bankruptcy Rule 4001* (the "**DIP Motion**") [ECF No. 24], which seeks approval of

debtor in possession financing in the amount of $1,250,000 from JNS ("**JNS**"). JNS is an entity controlled and owned by Swapnil Shah.

4.  On April 17, 2015, the Debtors filed the Sale Motion, which seeks to sell substantially all the Debtors' assets.

5.  **Formation of Mahavir.**  On or about December 19, 2012, Mahavir was incorporated in the state of Florida.  Mahavir has two shareholders, M/s N.N. Exports ("**N.N. Exports**") and M/s Narottamdas Exports ("**Narottamdas Exports,**" collectively with N.N. Exports, the "**N Group Entities**").  Both N Group Entities are organized under the laws of the Republic of India.

6.  **SFS Loan Transactions.**  In or about November 2012, Swapnil Shah solicited $2,000,000 from the N Group Entities under pretenses and promises that the N Group Entities would receive a significant investment return.  Swapnil Shah then caused Mahavir to be formed, wherein the N Group Entities were designated as 100% of the stockholders, yet Swapnil Shah was designated as the sole officer and director.  Mr. Swapnil Shah then utilized his position with Mahavir to channel the $2,000,000 (funded by the N Group Entities) to purchase an outstanding $6,000,000 promissory note between Regions Bank (as lender) and SFS (as borrower) that had gone into default.

7.  Swapnil Shah structured the transaction so that the Regions Bank loan was assigned to Mahavir, and also to JNS.  The joinder of JNS as an assignee was never discussed with then N Group Entities, and was done without their knowledge or consent.

8.  Upon information and belief, and in connection with the Regions Assignment, Swapnil Shah caused two new promissory notes to be executed:

> (a)  Promissory Note in the principal amount of $1,850,000, between SFS, as borrower, and Mahavir and JNS, as joint lenders.
>
> (b)  Promissory Note in the principal amount of $2,248,286.42, between SFS, as borrower, and Mahavir and JNS, as joint lenders.



9. The inclusion of JNS as co-assignee and co-lender is extremely troubling because the joint lending relationship with the Swapnil-controlled entity JNS was not discussed or disclosed to the N Group Entities.

10. Even more troubling is that at the time the above-referenced promissory notes were executed, Swapnil Shah was in the process of causing SFS and JNS, whom he both controlled, to enter into a series of financing transactions on a secured basis which would assure that Mahavir would never be repaid by SFS on the notes.

## Argument

11. Mahavir does not object to the liquidation sale contemplated by the Motion, but instead, objects to the distribution of any proceeds to JNS. Due to the truncated timeframe by which the Debtors have sought to liquidate substantially all of its assets, Mahavir has been unable to conduct a full investigation regarding its potential claims against the Debtors, Swapnil Shah and/or JNS.

12. Accordingly, if the Sale Motion is approved by this Court, the proceeds should be retained by the Debtors until a full investigation can be completed regarding the status of Mahavir's potential claims. No proceeds from the Sale should be distributed to JNS or Swapnil Shah until such time as Mahavir has been able to complete its investigation and the validity of JNS's secured claims have been determined by Court order.

WHEREFORE, Mahavir International, Inc. respectfully requests that the Court issue an order (i) sustaining Mahavir's limited objection to the Sale Motion; and (ii) granting such further relief as is just and proper.

Dated: May 5, 2015

**SALAZAR JACKSON, LLP**
*Counsel for Mahavir International, Inc.*
2000 Ponce De Leon Boulevard, Penthouse
Coral Gables, FL 33134
Telephone: (305) 374-4848
Facsimile: (305) 397-1021
Email: Salazar@SalazarJackson.com

By:   /s/  Luis Salazar
         Luis Salazar
         Florida Bar No. 147788
         Jesse R. Cloyd
         Florida Bar No. 58388

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all parties identified on the Service List attached to the original hereof, either via transmission of Notices of Electronic Filing generated by CM/ECF or electronic mail transmission as indicated thereon.

        /s/  Luis Salazar
        Luis Salazar

<u>SERVICE LIST</u>

**Electronic Mail Notice List**

- **Joaquin J Alemany**   joaquin.alemany@hklaw.com, jose.casal@hklaw.com
- **Scott L. Baena**   sbaena@bilzin.com, eservice@bilzin.com;lflores@bilzin.com
- **Nicholas B. Bangos**   nbangos@diazreus.com
- **Paul J. Battista**   pbattista@gjb-law.com, gjbecf@gjb-law.com
- **David M Blau**   dblau@clarkhill.com
- **Dustin Branch**   dustin.branch@kattenlaw.com, donna.carolo@kattenlaw.com;lora.anderson@kattenlaw.com
- **John P Dillman**   houston_bankruptcy@lgbs.com
- **C Craig Eller**   celler@broadandcassel.com
- **Brian T FitzGerald**   fitzgeraldb@hillsboroughcounty.org, connorsa@hillsboroughcounty.org;stroupj@hillsboroughcounty.org
- **Eric B Funt**   eric.funt@hklaw.com
- **Heather L Harmon**   HHarmon@gjb-law.com, gjbecf@gjb-law.com
- **Christopher A Jarvinen**   cjarvinen@bergersingerman.com, efile@bergersingerman.com;mdiaz@bergersingerman.com;efile@ecf.inforuptcy.com
- **Ian J Kukoff**   ian.kukoff@blaxgray.com, alexis.read@blaxgray.com;kukoff.assistant@blaxgray.com
- **Robert L LeHane**   kdwbankruptcydepartment@kelleydrye.com, MVicinanza@ecf.inforuptcy.com
- **Michael E Meyers**   bdept@mrrlaw.net
- **Rachel Obaldo**   bk-robaldo@texasattorneygeneral.gov, sherri.simpson@texasattorneygeneral.gov
- **Office of the US Trustee**   USTPRegion21.MM.ECF@usdoj.gov
- **Prime Clerk LLC (Smith)**   dsmith@primeclerk.com, ecf@primeclerk.com
- **Luis Salazar**   salazar@salazarjackson.com, jackson@salazarjackson.com;dagley@salazarjackson.com;aguilar@salazarjackson.com;Lee-Sin@SalazarJackson.com;pacetti@salazarjackson.com;cloyd@salazarjackson.com
- **Russell W Savory**   russ@bsavory.com
- **Robert A. Schatzman**   robert.schatzman@gray-robinson.com, lauren.rome@gray-robinson.com;lisa.negron@gray-robinson.com;Amador.Ruiz-Baliu@gray-robinson.com
- **Stefanie R Shelley**   sshelley@tobinreyes.com, eservice@tobinreyes.com



- **Paul Steven Singerman**    singerman@bergersingerman.com, mdiaz@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com
- **Steven J. Solomon**    steven.solomon@gray-robinson.com, lnegron@gray-robinson.com;lauren.rome@gray-robinson.com;Amador.Ruiz-Baliu@gray-robinson.com
- **David Neal Stern**    dnstern@fwblaw.net, mkassower@fwblaw.net
- **Dean C Waldt**    waldtd@ballardspahr.com, direnzop@ballardspahr.com;pollack@ballardspahr.com
- **H Elizabeth Weller**    dallas.bankruptcy@publicans.com
- **Diane Noller Wells**    diane@twellslaw.com, efiling@twellslaw.com