UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| ADINATH CORP. and SIMPLY FASHION STORES, LTD.,[1] | Case No. 15-16885-LMI (Jointly Administered) |
| Debtors. _____/ | |

### DEBTOR'S EXPEDITED MOTION FOR AN ORDER DIRECTING APPOINTMENT OF A CONSUMER PRIVACY OMBUDSPERSON

### Expedited Hearing Requested on July 21, 2015 @ 10:00 am

### Basis for Requested Expedited Hearing

The Debtor respectfully requests the Court to conduct an expedited hearing on this Motion on July 21, 2015 at 10:00 a.m. which is the hearing scheduled by the Court to consider the Debtor's expedited motion to establish bidding procedures in connection with the sale of the Debtor's intellectual property [ECF No. 396]. As the matters in the two motions relate to one another, the Debtor respectfully requests that the two motions be considered concurrently by the Court.

Simply Fashion Stores, Ltd. ("Debtor"), by and through its undersigned counsel, files this expedited motion (the "Motion"), pursuant to sections 105(a) and 332 of title 11 of the United States Code (the "Bankruptcy Code") and Local Rule 6004-1 requesting entry of an order, substantially in the form attached hereto as **Exhibit "A"**, directing the Office of the United States Trustee (the "US Trustee") to appoint a consumer privacy ombudsperson ("CPO"). In support of this Motion, the Debtor relies upon the (i) *Declaration in Support of First Day Pleadings* [ECF no. 22] (the "First Day Declaration"), which was filed with the Court on the

---

[1] The Debtors in these cases, along with the addresses and last four digits of each Debtor's federal tax identification number are: (i) Adinath Corp., 2110 N.W. 95th Avenue, Miami FL 33172 (4843); and (ii) Simply Fashion Stores, Ltd., 2500 Crestwood Boulevard, Birmingham, AL 35210 (6230).

6533862-3

Petition Date, (ii) *Debtors' Application to Employ and to Retain Hilco IP Services, LLC d/b/a Hilco Streambank, as Intellectual Property Consultant for Simply Fashion Stores, Ltd., Nunc Pro Tunc to May 26, 2015*, dated June 5, 2015 [ECF No. 310] (the "Hilco Retention Application"),[2] and (iii) *Debtor's Expedited Motion for an Order (I) Approving the Bidding and Auction Procedures for the Sale of Intellectual Property, (II) Setting Lease Sale Hearing Dates, (III) Authorizing and Approving (A) the Sale of Intellectual Property Free and Clear of Liens, Claims, Encumbrances and Other Interests, and (B) Assumption and Assignment of Leases, and (IV) Granting Certain Related Relief*, dated July 10, 2015 [ECF No. 396] (the "IP Sale Motion"), and the Debtor respectfully represents as follows:

## Jurisdiction and Venue

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157.

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are sections 105(a) and 332 of the Bankruptcy Code and Local Rule 6004-1.

## Background

4. On April 16, 2015, (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. On April 22, 2015, the United States Trustee appointed a committee of creditors holding unsecured claims in the Debtor's chapter 11 case (the "Committee") [ECF No. 79].

6. The Debtor is operating its business and managing its affairs as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[2] On July 5, 2015, the Court entered an order approving the Hilco Retention Application [ECF No. 387]. Hilco Streambank has been retained by the Debtor to facilitate the sale of the Debtor's intellectual property.

7.  On July 10, 2015, the Debtor filed the IP Sale Motion.

8.  The Court has scheduled the hearing to consider the bidding procedures portion of the IP Sale Motion on July 21, 2015 at 10:00 am.

9.  In the IP Sale Motion, the Debtor has requested a hearing to consider the sale of the Debtor's intellectual property on or after August 11, 2015.

## Relief Requested

10. The Debtor requests entry of an order, substantially in the form attached hereto as **Exhibit "A"**, directing the US Trustee to appoint a CPO.

## Legal Argument

11. Section 332(a) of the Bankruptcy Code provides, in relevant part:

> If a hearing is required under section 363(b)(1)(B), the court shall order the United States trustee to appoint, not later than 7 days before the commencement of the hearing, 1 disinterested person (other than the United States trustee) to serve as the consumer privacy ombudsman in the case and shall require that notice of such hearing be timely given to such ombudsman.

11 U.S.C. § 332(a).

12. The Debtor respectfully requests that the Court to request the US Trustee to appoint a CPO to appear and be heard at any future sale hearing related to the IP Sale Motion and "provide to the court information to assist the court in its consideration of the facts, circumstances, and conditions of the proposed sale or lease of personally identifiable information under section 363(b)(1)(B)." 11 U.S.C. § 332(b).

13. In the IP Sale Motion, the Debtor proposed that, as a part of the sale of its intellectual property assets, the Debtor would be offering for sale only email addresses and telephone numbers, but not customer lists (e.g., names and addresses or other personally identifiable information). At the request of Hilco Streambank (the Debtor's intellectual property

consultant), the Debtor has subsequently decided to sell its customer lists in order to maximize the value of the sale of the Debtor's intellectual property.[3] Moreover, the US Trustee has requested the appointment of a CPO.

14. The sale of a debtor's customer list(s) in connection with the broader sale of a debtor's intellectual property, with the involvement of a consumer privacy ombudsperson, has routinely occurred in other, recent chapter 11 cases involving liquidating retailers. *See, e.g., In re RadioShack Corporation*, Case No. 15-10197 (BLS) (Bankr. D. Del. Mar. 30, 2015) [ECF No. 1981] (order approving bidding procedures in connection sale of debtors' intellectual property, including customer lists, and requesting consumer privacy ombudsperson, previously appointed in debtors' cases, to file section 332 report prior to the sale hearing); *In re Dots*, LLC, Case No. 14-11016 (DHS) (Bankr. D. N.J. Apr. 21, 2014) [ECF No. 561] (order approving proposed bidding procedures in connection with sale of debtors' intellectual property and directing appointment of a consumer privacy ombudsmen if debtors decide to sell personal identifying information, such as consumer lists); *In re Borders Group, Inc.*, Case No. 11-10614 (MG) (Bankr. D. Del. Aug. 10, 2011) [ECF No. 1513] (order granting bidding procedures to sell debtors' intellectual property and appointing consumer privacy ombudsperson in connection with sale of customer lists).

15. The Debtor believes that the appointment of a CPO is appropriate because (i) the Debtor has made the decision that, as a part of the sale of its intellectual property, the Debtor will offer for sale its customer lists which contain personally identifiable information and (ii) the

---

[3] Prior to the hearing to consider the proposed bidding procedures in connection with the sale of the Debtor's intellectual property scheduled on July 21, 2015, the Debtor will be filing with the Court a revised, proposed "Asset Purchase Agreement" (which is attached as an exhibit to the IP Sale Motion), reflecting the addition of the proposed sale of the Debtor's customer lists.

Debtor desires to continue to work consensually in this chapter 11 case with the appropriate and reasonable requests of the US Trustee.

### Request for Immediate Relief

16.     Rule 6004(h) of the Bankruptcy Rules provides that an "order authorizing the use, sale, or lease of property … is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."  Similarly, Bankruptcy Rule 6006(d) provides that an "order authorizing the trustee to assign an executory contract or lease… is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."  Due to the facts of this case and the Debtor needs to proceed in an expedited manner to monetize the Debtor's intellectual property and avoid incurring unnecessary administrative obligations.  Accordingly, the Debtor requests that any order approving granting this Motion and directing the appointment of a CPO be effective immediately by providing that the 14-day stay under Bankruptcy Rule 6004(h) and 6006(d) are waived.

### Notice

17.     No trustee or examiner has been appointed in this chapter 11 case.   Further, the Debtor intends on fulfilling the other notice requirements requested herein.  The Debtor submits that no other or further notice need be provided.

### No Prior Request

18.     No previous request for the relief sought herein has been made by the Debtor to this or any other court.

**WHEREFORE** the Debtor respectfully requests (i) entry of an order, substantially in the form attached hereto as **Exhibit "A"**, requesting the Office of the United States Trustee to

appoint a consumer privacy ombudsperson, and (ii) such other and further relief as the Court deems just and proper.

Dated: July 13, 2015

Respectfully submitted,

BERGER SINGERMAN LLP
*Counsel for the Debtors and Debtors in Possession*
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone:  (305) 755-9500
Facsimile:  (305) 714-4340

By:  /s/  Christopher A. Jarvinen
Paul Steven Singerman
Florida Bar No. 378860
singerman@bergersingerman.com
Christopher A. Jarvinen
Florida Bar No. 21745
cjarvinen@bergersingerman.com

## **EXHIBIT "A"**

**(Proposed Order)**

6533862-3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                          Chapter 11 Cases

ADINATH CORP. and SIMPLY                                        Case No. 15-16885-LMI
FASHION STORES, LTD.,[1]                                        (Jointly Administered)

      Debtors.
_____/

### ORDER GRANTING DEBTOR'S EXPEDITED MOTION FOR AN ORDER DIRECTING APPOINTMENT OF A CONSUMER PRIVACY OMBUDSPERSON

**THIS MATTER** came before the Court on the ___ day of July ___, 2015 at ____ a.m./p.m. in Miami, Florida, upon the motion dated July ___, 2015 [ECF No. ___] (the "Motion"), of the debtor and debtor in possession, Simply Fashion Stores, Ltd. ("Simply Fashion" or "Debtor"), for an order pursuant to sections 105 and 332 of the Bankruptcy Code and Local Rule 6004-1 requesting the appointment of a consumer privacy ombudsperson. The

---

[1] The Debtors in these cases, along with the addresses and last four digits of each Debtor's federal tax identification number are: (i) Adinath Corp., 2110 N.W. 95th Avenue, Miami FL 33172 (4843); and (ii) Simply Fashion Stores, Ltd., 2500 Crestwood Boulevard, Birmingham, AL 35210 (6230).

Court, having considered the Motion, it appearing that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors and other parties in interest; and good, adequate and sufficient cause has been shown to justify the entry of this Order; the Court, having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefore, it is

**ORDERED** that:

1. The Motion is **GRANTED**.

2. The United States Trustee is hereby directed to appoint a consumer privacy ombudsperson (the "CPO") in accordance with 11 U.S.C. § 332(a) no later than the date that is seven (7) days before the IP Sale Hearing (as defined in the IP Sale Motion) if the IP Sale Hearing constitutes a hearing under 11 U.S.C. § 363(b)(1)(B). Subject to further order of the Court, the CPO shall (a) perform the functions set forth in 11 U.S.C. § 332(b), and (b) at all times comply with 11 U.S.C. § 332(c). In addition, the CPO shall be compensated pursuant to 11 U.S.C. § 330 upon approval by the Court of a request for compensation.

3. Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), this Order shall not be stayed for fourteen (14) days after the entry hereof and this Order shall be immediately effective and enforceable upon its entry.

4. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

# # #

Submitted by:
Christopher A. Jarvinen, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile:  (305) 714-4340
Email:  cjarvinen@bergersingerman.com

Copies furnished to:
Christopher A. Jarvinen, Esq.
*(Attorney Jarvinen is directed to serve a signed copy of this Order upon all interested parties and to file a Certificate of Service with the Court.)*

3