

ORDERED in the Southern District of Florida on July 23, 2015.

Laurel M. Isicoff, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| ADINATH CORP. and SIMPLY FASHION STORES, LTD.,[1] | Case No. 15-16885-LMI (Jointly Administered) |
| Debtors. _____/ | |

### ORDER GRANTING DEBTOR'S EXPEDITED MOTION FOR AN ORDER DIRECTING APPOINTMENT OF A CONSUMER PRIVACY OMBUDSPERSON

**THIS MATTER** came before the Court on the 21st day of July, 2015 at 10:00 a.m. in Miami, Florida, upon the motion dated July 13, 2015 [ECF No. 399] (the "Motion"), of the debtor and debtor in possession, Simply Fashion Stores, Ltd. ("Simply Fashion" or "Debtor"), for an order pursuant to sections 105 and 332 of the Bankruptcy Code and Local Rule 6004-1 requesting the appointment of a consumer privacy ombudsperson. The Court, having considered

---

[1] The Debtors in these cases, along with the addresses and last four digits of each Debtor's federal tax identification number are: (i) Adinath Corp., 2110 N.W. 95th Avenue, Miami FL 33172 (4843); and (ii) Simply Fashion Stores, Ltd., 2500 Crestwood Boulevard, Birmingham, AL 35210 (6230).

the Motion, it appearing that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors and other parties in interest; and good, adequate and sufficient cause has been shown to justify the entry of this Order; the Court, having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefore, it is

**ORDERED** that:

1. The Motion is **GRANTED**.

2. The United States Trustee is hereby directed to appoint a consumer privacy ombudsperson (the "CPO") in accordance with 11 U.S.C. § 332(a) no later than the date that is seven (7) days before the IP Sale Hearing (as defined in the IP Sale Motion) if the IP Sale Hearing constitutes a hearing under 11 U.S.C. § 363(b)(1)(B). Subject to further order of the Court, the CPO shall (a) perform the functions set forth in 11 U.S.C. § 332(b), and (b) at all times comply with 11 U.S.C. § 332(c). In addition, the CPO shall be compensated pursuant to 11 U.S.C. § 330 upon approval by the Court of a request for compensation.

3. The CPO will provide either a written or oral report to be considered at the IP Sale Hearing (the "Report"). The Report will briefly reflect findings and recommendations with respect to the Debtor's proposed sale of personally identifiable information (as that term is defined in section 101(41A) of the Bankruptcy Code). If the CPO provides a written report, the CPO shall file it with the Court and serve it upon the respective counsel for the Debtors, the Committee, and JNS INVT, LLC, as well as the United States Trustee (collectively, the "Notice Parties"), so as to be actually received not later than August 10, 2015 at 4:00 p.m. (ET) (the

"Report Filing Deadline"). If the CPO chooses to provide an oral report at the IP Sale Hearing, the CPO shall provide to each of the Notice Parties the CPO's findings and recommendations prior to the Report Filing Deadline.

4. Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), this Order shall not be stayed for fourteen (14) days after the entry hereof and this Order shall be immediately effective and enforceable upon its entry.

5. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

# # #

Submitted by:
Christopher A. Jarvinen, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile:  (305) 714-4340
Email:  cjarvinen@bergersingerman.com

Copies furnished to:
Christopher A. Jarvinen, Esq.
*(Attorney Jarvinen is directed to serve a signed copy of this Order upon all interested parties and to file a Certificate of Service with the Court.)*